# EXHIBIT A



## Tarrant County District Clerk Online
### Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | 2/24/17 12:13 PM |
|---|---|

| Cause Number: | 141-290179-17 | Date Filed: 01-27-2017 |
|---|---|---|

PETE PELLETIER, ET UX      | VS |      ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, ET AL

Cause of Action:      CONTRACT, CONSUMER/DTPA

Case Status:      PENDING

| File Mark | Description | | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|---|
| 01-27-2017 | PLTFS' ORIG PET, JURY DEMAND, & REQ FOR DISCL | N | I | | 284.00 | |
| 01-27-2017 | COURT COST (PAID) trans #1 | Y | | | | 284.00 |
| 01-27-2017 | CIVIL CASE INFO SHEET | | | | | 0.00 |
| 01-27-2017 | PLTF'S SVC REQ LTR W/ADDR INFO | I | | | | 0.00 |
| 01-27-2017 | COPIES - SENT TO DP | N | | | 21.00 | |
| 01-27-2017 | COURT COST (PAID) trans #5 | Y | | | | 21.00 |
| 01-27-2017 | CITATION | V | A | Svc | 8.00 | |
| 01-27-2017 | CITATION | V | A | Svc | 8.00 | |
| 01-27-2017 | COURT COST (PAID) trans #8 | Y | | | | 8.00 |
| 01-27-2017 | COURT COST (PAID) trans #7 | Y | | | | 8.00 |
| 01-27-2017 | JURY FEE | N | | | 40.00 | |
| 01-27-2017 | COURT COST (PAID) trans #11 | Y | | | | 40.00 |
| 01-27-2017 | SERVICE FEE, SUBSEQUENT CERTIFIED MAIL | V | A | Svc | 75.00 | |
| 01-27-2017 | SERVICE FEE, SUBSEQUENT CERTIFIED MAIL | V | A | Svc | 75.00 | |
| 01-27-2017 | COURT COST (PAID) trans #14 | Y | | | | 75.00 |
| 01-27-2017 | COURT COST (PAID) trans #13 | Y | | | | 75.00 |
| 01-27-2017 | CITATION Tr# 7 | V | A | Svc | -8.00 | |
| 01-27-2017 | CITATION Tr# 8 | V | A | Svc | -8.00 | |
| 01-27-2017 | SERVICE FEE, SUBSEQUENT CERTIFIED MAIL Tr# 13 | V | A | Svc | -75.00 | |
| 01-27-2017 | SERVICE FEE, SUBSEQUENT CERTIFIED MAIL Tr# 14 | V | A | Svc | -75.00 | |
| 01-27-2017 | CIT Cert Mail-ISSUED ON ALLSTATE VEHICLE AND PROPERTY INSURANCE-On 01/27/2017 | N | A | Svc | 83.00 | |
| 01-27-2017 | CIT Cert Mail-ISSUED ON WILLIAM WALTER SAARI, JR-On 01/27/2017 | N | A | Svc | 83.00 | |
| 02-14-2017 | CIT Cert Mail Tr# 21 RET EXEC(ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY) On 02/02/2017 | I | | | | 0.00 |
| 02-15-2017 | CIT Cert Mail Tr# 22 RET EXEC(WILLIAM WALTER SAARI ) On 02/02/2017 | I | | | | 0.00 |

**District Clerk's Office**

Tom Vandergriff Civil Courts Building

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

FILED
TARRANT COUNTY
1/27/2017 11:55:15 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. _____141-290179-17_____

| | | |
|---|---|---|
| PETE & MARY PELLETIER, | § | IN THE JUDICIAL COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | TARRANT COUNTY, TEXAS |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY | § | |
| AND WILLIAM WALTER SAARI, JR., | § | |
| | § | |
| Defendants. | § | _____ DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Pete & Mary Pelletier, ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Allstate Vehicle and Property Insurance Company ("Allstate") and William Walter Saari, Jr. ("Saari") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiffs, Pete & Mary Pelletier, reside in Tarrant County, Texas.

3. Defendant, Allstate Vehicle and Property Insurance Company, is a Texas insurance company engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Allstate Vehicle and Property Insurance Company through its registered agent for service: **C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**. Plaintiffs request service at this time.

4.     Defendant William Walter Saari, Jr. is an individual resident of Trinity, Texas.  Saari may

be served with citation at the address listed with the Texas Department of Insurance: **P.O.**

**Box 1181, Trinity, Texas 75862**.  Plaintiffs request service at this time.

## JURISDICTION

5.     The Court has jurisdiction over Allstate because this Defendant engages in the business of

insurance in the State of Texas, and the causes of action arise out of Allstate's business

activities in the State of Texas, including those in Tarrant County, Texas, with reference to

this specific case.

6.     The Court has jurisdiction over Saari because this Defendant engages in the business of

adjusting insurance claims in the State of Texas, and the causes of action arise out of this

Defendant's business activities in the State of Texas, including those in Tarrant County,

Texas, with reference to this specific case.

## VENUE

7.     Venue is proper in Tarrant County, Texas because the insured property is located in Tarrant

County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred

in Tarrant County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.     Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of

the Texas Insurance Code, negligence, gross negligence, and violations of the Texas

DTPA.

9.     Plaintiffs own an Allstate Vehicle and Property Insurance Company homeowner's

insurance policy, number 000816741492 ("the Policy").  At all relevant times, Plaintiffs

2

owned the insured premises located at 6000 Saddle Ridge Road, Arlington, Texas 76016 ("the Property").

10. Allstate or its agent sold the Policy, insuring the Property, to Plaintiffs. Allstate or its agent represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiffs' property. Allstate has refused the full extent of that coverage currently owed to Plaintiffs.

11. On or about March 17, 2016, the Property sustained extensive damage resulting from a severe storm that passed through the Arlington, Tarrant County, Texas area.

12. In the aftermath of the wind and hailstorm, Plaintiffs submitted a claim to Allstate against the Policy for damage to the Property. Allstate assigned claim number 0406666289 to Plaintiffs' claim.

13. Plaintiffs asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

14. Damaged areas of the property include, but are not limited to the roof, gutters, flashing, patio roof, fencing, shed roof, HVAC unit and paint.

15. Allstate assigned or hired Saari to adjust the claim.

    a. Saari had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiffs' is evidence of fraud on the part of Saari. The valuation of damages that were included in Saari's report compared to Plaintiffs' is also evidence of fraud on the part of Saari.

    b. Furthermore, Saari was aware of Plaintiffs' deductible before visiting the Property to conduct the inspection. Saari had advanced knowledge of what amount of

3

damages he needed to find in order to underpay the claim.

    c. Saari made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' Property.

    d. Saari and or Allstate used their expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from cosmetic damage.

16.     Allstate, through its agents, namely Saari, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17.     The initial adjustment of the claim occurred on or around March 31, 2016. Saari found that the roof only had cosmetic damage which was excluded by the policy. Saari wrongfully made no adjustments for the damage done to the DECRA interlocking tile panels.

18.     After application of the policy deductible, Plaintiffs were left without adequate recovery to complete proper repairs on Plaintiffs' property.

19.     To date, Plaintiffs have received $3,648.15 for damage to Plaintiffs' Property. The damage to Plaintiffs' Property is currently estimated at $58,539.57.

20.     Since due demand was made on November 8, 2016, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

21.     As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants'

grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Allstate failed to provide full coverage due under the Policy.

22.    As a result of Allstate's failure to provide full coverage, along with Allstate's delay tactics to avoid reasonable payment to Plaintiffs, Plaintiffs have suffered damages.

23.    Allstate failed to perform its contractual duties to Plaintiffs under the terms of the Policy. Specifically, Allstate refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiffs.

24.    Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Allstate and Plaintiffs.

25.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiffs' claim in a fair manner, even though Defendants were aware of their liability to Plaintiffs under the Policy. Specifically, Defendants have failed to timely pay Plaintiffs' coverage due under the Policy.

26.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiffs a reasonable explanation for not making the full payment under the terms of the Policy.

27.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage

due to Plaintiffs under the terms of the Policy. Specifically, Allstate, through its agents, servants, and representatives, namely Saari, performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

28. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiffs' full claim within the statutorily mandated time after receiving all necessary information.

29. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants have delayed payment of Plaintiffs' claim longer than allowed, and Plaintiffs have not received full payment for the claim.

30. Defendants' wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

### BREACH OF CONTRACT

31. All allegations above are incorporated herein.

32. Allstate is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then,

6

that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiffs.

33.   Allstate's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34.   All allegations above are incorporated herein.

35.   Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

36.   Allstate's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37.   Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38.   Allstate's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

7

39.     Allstate's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

40.     Allstate's unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

41.     All allegations above are incorporated herein.

42.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

43.     Allstate's failure to notify Plaintiffs in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

44.     Allstate's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45.     All allegations above are incorporated herein.

46.     Allstate's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

8

47.     Allstate's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

48.     All allegations above are incorporated herein.

49.     Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Allstate pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Allstate. Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

A.     By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Allstate's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.     Allstate represented to Plaintiffs that the Policy and Allstate's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.   Allstate also represented to Plaintiffs that the Policy and Allstate's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Furthermore, Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.   Allstate's actions are unconscionable in that Allstate took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Allstate's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G.   Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50.   Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiffs' damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

51.   All allegations above are incorporated herein.

52.   Allstate is liable to Plaintiffs for common law fraud.

53.     Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and Allstate knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

54.     Allstate made the statements intending that Plaintiffs act upon them.  Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common law fraud.

**CAUSES OF ACTION AGAINST DEFENDANT WILLIAM WALTER SAARI, JR.**

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

55.     All allegations above are incorporated herein.

56.     Saari's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

57.     Saari is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Allstate, because Saari is a "person," as defined by TEX. INS. CODE §541.002(2).

58.     Saari knowingly underestimated the amount of damage to the Property.  As such, Saari failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

59.     Furthermore, Saari did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

60.     Saari's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for

11

underpayment of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

61.    Saari's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

### DTPA VIOLATIONS

62.    All allegations above are incorporated herein.

63.    Saari's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Saari pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Saari. Specifically, Saari's violations of the DTPA include the following matters:

A.    By this Defendant's acts, omissions, failures, and conduct, Saari has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Saari's violations include, (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs' Property when liability have become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.    Saari represented to Plaintiffs that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

12

C.    Saari represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Saari's actions are unconscionable in that Saari took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.  Saari's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

E.    Saari's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

64.    Each of Saari's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Saari, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

### FRAUD

65.    All allegations above are incorporated herein.

66.    Allstate assigned or hired Saari to adjust the claim.

a.    Saari had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiffs' is evidence of fraud on the part of Saari. The valuation of damages that were included in Saari's report compared to Plaintiffs' is also evidence of fraud on the part of Saari.

13

b. Furthermore, Saari was aware of Plaintiffs' deductible before visiting the Property to conduct the inspection. Saari had advanced knowledge of what amount of damages he needed to find in order to underpay the claim.

c. Saari made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' Property.

d. Saari and or Allstate used their expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from cosmetic damage.

## NEGLIGENCE

67.     All allegations above are incorporated herein.

68.     Saari was negligent in his actions with regard to his adjusting of Plaintiffs' claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

a. Failure to conduct a reasonable inspection;

b. Failure to include covered damage that would be discovered as a result of reasonable inspection;

c. Failure to identify the proper cause and scope of the damage to Plaintiffs' Property;

d. Failure to identify the cost of proper repairs to Plaintiffs' Property; and

e. Failure to communicate to Plaintiffs the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiffs' Property.

14

69.   Saari's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiffs.

70.   At all relevant times, Saari was an agent or employee of Defendant Allstate.

71.   Saari's unreasonable inspection was performed within the course and scope of his duties with Defendant Allstate. Therefore, Allstate is also liable for the negligence of Saari through the doctrine of respondeat superior.

### GROSS NEGLIGENCE

72.   All allegations above are incorporated herein.

73.   Saari's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

   a.   Saari's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiffs; and

   b.   Saari had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

74.   Saari intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of Allstate. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation; it was also in complete disregard for the risk and harm Plaintiffs would suffer if the actual damages to the Property were allowed to persist unrepaired.

15

## KNOWLEDGE

75.   Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

76.   Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

77.   Since the claim was made, Allstate has not properly compensated Plaintiffs for all necessary repairs required, which are covered under the Policy. This has caused undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

78.   Defendants made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations. Plaintiffs then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiffs suffered damages as a result.

79.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation,

costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

80.   For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, consequential damages, together with attorney's fees.

81.   The damage to Plaintiffs' Property is currently estimated at $58,539.57.

82.   For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiffs asks for three (3) times Plaintiffs' actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

83.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

84.   For breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Allstate owed, and exemplary damages.

85.   Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies

Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

86.    For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

87.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

88.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

89.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

90.     Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Tarrant County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendants, Allstate Vehicle and Property Insurance Company and William Walter Saari, Jr., be cited and served to appear, and that upon trial hereof, Plaintiffs, Pete & Mary Pelletier, have and recovers from Defendants, Allstate Vehicle and Property Insurance Company and William Walter Saari, Jr., such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiffs, Pete & Mary Pelletier, may show Plaintiffs are justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Kimberly N. Blum
Bar No. 24092148
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
kblum@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

Cause Number 141-290179-17

PETE PELLETIER, ET UX

VS

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, ET AL

## OFFICER'S RETURN

Received this __Citation By Certified Mail__ on the 27th day of January, 2017 at 3:20 PM ; and executed at
__B/S CT CORPORATION SYSTEM REG AGT 1999 BRYAN ST STE 900 DALLAS TX 75201 3136__

within the county of _____ State of TX on the 2nd day of February, 2017 by mailing to
the within named __ALLSTATE VEHICLE AND PROPERTY INSURANCE__ a true copy of this __Citation By Certified Mail__
together with the accompanying copy of:
__PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FORN DISCLOSURE__

Authorized Person/Constable/Sheriff: Thomas A. Wilder
100 N CALHOUN
FORT WORTH TX 76196-0402

County of Tarrant, State of Texas

By _Stacci Reynolds_ Deputy
Fees $ 75.00          STACCI REYNOLDS

(Must be verified if served outside the State of Texas)

State of _____ County of _____

Signed and sworn to by the said _____ before me this _____

to certify which witness my hand and seal of office

(Seal)

_____

County of Tarrant, State of Texas

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

ALLSTATE VEHICLE AND PROPERTY INSURANCE CO
B/S CT CORPORATION SYSTEM - REG AGENT
1999 BRYAN ST.
STE 900
DALLAS, TX 75201-3136

141-290179-17  DP/AF/CM



*14129017917000021*

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9403 0952 5223 6439 98

2. Article Number (Transfer from service label)

7015 0640 0002 0984 0141

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____          ☐ Agent
                           ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery
Chris Wells                          FEB 3 -- 2017

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☒ Certified Mail®                    ☐ Registered Mail Restricted
☐ Certified Mail Restricted Delivery    Delivery
☐ Collect on Delivery                ☐ Return Receipt for
☐ Collect on Delivery Restricted Delivery  Merchandise
☐ Insured Mail                       ☐ Signature Confirmation™
☐ Insured Mail Restricted Delivery   ☐ Signature Confirmation
                                        Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

THE STATE OF TEXAS         **ORIGINAL**
DISTRICT COURT, TARRANT COUNTY

### CITATION      *Cause No. 141-290179-17*

PETE PELLETIER, ET UX
VS.
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ET AL

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

B/S CT CORPORATION SYSTEM REG AGT 1999 BRYAN ST STE 900 DALLAS, TX 75201-313

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 141st District Court in and for Tarrant County, Texas at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFFS being

PETE PELLETIER, MARY PELLETIER

Filed in said Court on January 27th, 2017 Against
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, WILLIAM WALTER SAARI, JR

For suit, said suit being numbered 141-290179-17 the nature of which demand is as shown on said PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE a copy of which accompanies this citation.

CHAD T WILSON
Attorney for PETE PELLETIER Phone No. (832)415-1432
Address    1322 SPACE PARK DR STE A155 HOUSTON, TX 77058

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and seal of said Court, at office in the City of Fort Worth, this the 27th day of January, 2017.
By *Anthony Ferrara*
ANTHONY FERRARA

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN *14129017917000021*

Received this Citation on the _____ day of _____, at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE having first endorsed on same the date of delivery.

Deputy/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

7015 0640 0000 0984 0141

## *CITATION*

Cause No. 141-290179-17

PETE PELLETIER, ET UX

VS.

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, ET AL

ISSUED

This 27th day of January, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By       ANTHONY FERRARA Deputy

CHAD T WILSON
Attorney for: PETE PELLETIER
Phone No. (832)415-1432
ADDRESS: 1322 SPACE PARK DR STE A155

HOUSTON, TX 77058

## *CIVIL LAW*





*14129017917000021*

ORIGINAL

THOMAS A. WILDER
DISTRICT CLERK

2017 FEB 14  AM 10: 57

FILED
TARRANT COUNTY

Cause Number 141-290179-17

PETE PELLETIER, ET UX

VS

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, ET AL

## OFFICER'S RETURN

Received this ___Citation By Certified Mail___ on the 27th day of January, 2017 at 3:21 PM ; and executed at ___PO BOX 1181 TRINITY TX 75862___

within the county of _____ State of TX on the 2nd day of February, 2017 by mailing to the within named ___WILLIAM WALTER SAARI, JR___ a true copy of this ___Citation By Certified Mail___ together with the accompanying copy of:

___PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQ FOR DISCL___

Authorized Person/Constable/Sheriff: Thomas A. Wilder
100 N CALHOUN
FORT WORTH TX 76196-0402

County of Tarrant, State of Texas

By ___Stacci Reynolds___ Deputy

Fees $  75.00      STACCI REYNOLDS

(Must be verified if served outside the State of Texas)

State of _____ County of _____

Signed and sworn to by the said _____ before me this _____

to certify which witness my hand and seal of office

(Seal)

_____
County of Tarrant, State of Texas

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

WILLIAM WALTER SAARI, JR.
PO BOX 1181
TRINITY, TX 75862

141-290179-17   DP/AF/CM



*14129017917000022*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
William Saari Jr.               2-2-17

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

THOMAS A. WILDER
2017 FEB 15 AM 9:54

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

9590 9403 0952 5223 6439 81

2. Article Number (Transfer from service label)
7015 0640 0002 0984 0158

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

THE STATE OF TEXAS      **ORIGINAL**
DISTRICT COURT, TARRANT COUNTY

## *CITATION*      *Cause No. 141-290179-17*

PETE PELLETIER, ET UX
VS.
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ET AL

TO: WILLIAM WALTER SAARI, JR

PO BOX 1181 TRINITY, TX 75862-

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION,
JURY DEMAND, AND REQUEST FOR DISCLOSURE at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days
after the date of service hereof before the 141st District Court in and for Tarrant County, Texas, at the Courthouse in
the City of Fort Worth, Tarrant County, Texas said PLAINTIFFS being

PETE PELLETIER, MARY PELLETIER

Filed in said Court on  January 27th, 2017 Against
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, WILLIAM WALTER SAARI, JR

For suit, said suit being numbered 141-290179-17 the nature of which demand is as shown on said
PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE  a copy of which accompanies this citation

CHAD T WILSON
Attorney for PETE PELLETIER Phone No. (832)415-1432
Address    1322 SPACE PARK DR STE A155 HOUSTON, TX 77058

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 27th day of January, 2017.
By *Anthony Ferrara*
ANTHONY FERRARA

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN *14129017917000022*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND
REQUEST FOR DISCLOSURE  having first endorsed on same the date of delivery.

_____

Deputy/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
_____
County of _____, State of _____

7015 0640 0002 0984 0158

*CITATION*

Cause No. 141-290179-17

PETE PELLETIER, ET UX

VS.

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, ET AL

ISSUED

This 27th day of January, 2017

    Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By    ANTHONY FERRARA Deputy

CHAD T WILSON
Attorney for: PETE PELLETIER
Phone No. (832)415-1432
ADDRESS: 1322 SPACE PARK DR STE A155

    HOUSTON, TX 77058

*CIVIL LAW*





*14129017917000022*

THOMAS A. WILDER
DISTRICT CLERK

2017 FEB 15 AM 9: 55

FILED
TARRANT COUNTY

ORIGINAL