IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



PETER & MARY PELLETIER,       §
                              §
        Plaintiffs,           §
                              §
VS.                           §   NO. 4:17-CV-177-A
                              §
ALLSTATE VEHICLE AND PROPERTY §
INSURANCE COMPANY, ET AL.,    §
                              §
        Defendants.           §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiffs, Peter and Mary Pelletier, to abstain and remand. The court, having considered the motion, the response of defendant Allstate Vehicle and Property Insurance Company ("Allstate"), the record, and applicable authorities, finds that the motion should be denied.

I.

Plaintiffs' Claims

On January 27, 2017, plaintiffs filed their original petition in the 141st Judicial District Court of Tarrant County, Texas, against Allstate and William Walter Saari, Jr. ("Saari"). Doc.[1] 9. They allege that Allstate engages in the business of insurance and that Saari engages in the business of adjusting insurance claims. Doc. 9, pet. at ¶¶ 5-6. They do not allege that Saari owed them any duty under the insurance policy or that he

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action. The court will cite plaintiffs' original petition as "Doc. 9, pet."

had the authority to bind Allstate with regard to the insurance policy.

The only specific factual allegations with regard to Saari are as follows:

> 15. Allstate assigned or hired Saari to adjust the claim.
>     a. Saari had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiffs' [sic] is evidence of fraud on the part of Saari. The valuation of damages that were included in Saari's report compared to Plaintiffs' is also evidence of fraud on the part of Saari.
>     b. Furthermore, Saari was aware of Plaintiffs' deductible before visiting the Property to conduct the inspection. Saari had advanced [sic] knowledge of what amount of damages he needed to find in order to underpay the claim.
>     c. Saari made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' Property.
>     d. Saari and or Allstate used their expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from cosmetic damage.
> . . .
> 17. . . . Saari found that the roof only had cosmetic damage which was excluded by the policy. Saari wrongfully made no adjustments for the damage done to the DECRA interlocking tile panels.

Doc. 9, pet. ¶¶ 15, 17.

Plaintiffs assert claims against defendants for violations of Chapters 541 and 542 of the Texas Insurance Code, for violation of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41-.63 ("DTPA"), and fraud. They also sue Allstate for breach of contract and breach of duty of good faith and fair dealing. They additionally sue Saari for negligence and gross negligence.

II.

Basis of the Motion

Plaintiffs contend that Allstate cannot establish that removal was proper because it cannot show that plaintiffs have failed to state claims against Saari upon which relief might be granted.

III.

Applicable Legal Principles

A. Removal

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district court would have original jurisdiction.² "The removing party bears the burden of showing that federal subject matter jurisdiction exists

---

² The removal statute provides, in pertinent part, that: [A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction,</u> may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a) (emphasis added).

and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

B. Fraudulent or Improper Joinder

To determine whether a party was fraudulently or improperly joined to prevent removal, "the court must analyze whether (1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). Because defendants have not alleged actual fraud in the pleadings, the applicable test for improper joinder is:

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

4

Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004). To answer this question, the court may either: (1) conduct a Rule 12(b)(6)-type analysis or (2) in rare cases, make a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. at 573-74. A Rule 12(b)(6)-type analysis of plaintiff's claims appears to be the proper method here to determine whether there exists a reasonable basis for a conclusion that plaintiff might be able to recover against BCC and Ragland.

C. The Pleading Standard to be Used in the Rule 12(b)(6)-Type Analysis

Although there has been some uncertainty as to the pleading standard to be applied, the Fifth Circuit has most recently held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine if the plaintiff has stated a claim against a nondiverse defendant. Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 208 (5th Cir. 2016).[3] Rule 8(a)(2) of the Federal

---

[3]The court notes that Texas now has a failure-to-state-a-claim rule that is substantially the same as the federal rule and that Texas courts have interpreted their Rule 91a as requiring a Federal Rule 12(b)(6)-type analysis and have relied on federal case law in applying Rule 91a. See, e.g., Wooley v. Schaffer, 447 S.W.3d 71, 76 (Tex. App.–Houston [14th Dist.] 2014, pet. denied); GoDaddy.com, LLC v. Toups, 429 S.W.3d 752, 754-55 (Tex. App.–Beaumont 2014, pet. denied). Thus, the outcome would be
(continued...)

5

Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right

---

[3](...continued)
the same if the court were to apply the Texas pleading standard.

to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit requires a party asserting fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Hermann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)(internal quotations and citations omitted). Succinctly stated, Rule 9(b) requires a party to identify in its pleading "the who, what, when, where, and how" of the events constituting the purported fraud. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008). Claims alleging violations of the Texas Insurance Code and DTPA are subject to the requirements of Rule

9(b). <u>Omni USA, Inc. v. Parker-Hannifin Corp.</u>, 798 F. Supp. 2d 831, 836 (S.D. Tex. 2011); <u>Frith v. Guardian Life Ins. Co. of Am.</u>, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).

IV.

Analysis

This is but another in a long line of cases where a plaintiff joins as a defendant an insurance adjustor or other non-diverse party in an effort to defeat removal jurisdiction.[4] Plaintiffs argue that the allegations of the original petition track statutory language of the Insurance Code and DTPA to support the contention that they have stated viable claims against each defendant.[5] Doc. 13 at 5. However, a plaintiff's obligation to provide the grounds of its entitlement to relief requires more than a formulaic recitation of the elements of a

---

[4] <u>See, e.g.</u>, Aguilar v. State Farm Lloyds, No. 4:15-CV-565-A, 2015 WL 5714654 (N.D. Tex. Sept. 28, 2015); Parish v. State Farm Lloyds, No. 4:15-CV-339-A, 2015 U.S. Dist. LEXIS 79293 (N.D. Tex. June 18, 2015); Ogden v. State Farm Lloyds, No. 4:15-CV-139-A, 2015 WL 3450298 (N.D. Tex. May 28, 2015); Gonzalez v. State Farm Lloyds, No. 4:15-CV-305-A, 2015 WL 3408106 (N.D. Tex. May 27, 2015); Vann v. Allstate Texas Lloyds, No. 4:15-CV-277-A, 2015 WL 2250243 (N.D. Tex. May 12, 2015); SYP-Empire L.C. v. Travelers Cas. Ins. Co. of Am., No. 4:15-CV-213-A, 2015 WL 2234912 (N.D. Tex. May 12, 2015); Davis v. Metropolitan Lloyds Ins. Co., No. 4:14-CV-957-A, 2015 WL 456726 (N.D. Tex. Feb. 3, 2015); Plascencia v. State Farm Lloyds, No. 4:14-CV-524-A, 2014 WL 11474841 (N.D. Tex. Sept. 25, 2014).

[5] The court notes that the cases plaintiffs cite were decided using the previously more lenient Texas state court pleading standard. <u>See, e.g.</u>, Edwea, Inc. v. Allstate Ins. Co., No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).

cause of action or mere labels and conclusions. Iqbal, 556 U.S. at 678.

Here, plaintiffs have done nothing more than make conclusory allegations without any plausible facts to support them. They have made no attempt to spell out the who, what, when, where, and how of the purported fraud and other statutory violations. And, in any event, the purported misrepresentations relate only to the investigation and scope of damage, not to the coverage provided under the policy. See Mainali Corp. v. Covington Specialty Ins. Co., No. 3:15-CV-1087-D, 2015 WL 5098047, at *3 (N.D. Tex. Aug. 31, 2015).

There can be no recovery for extra-contractual damages for mishandling claims unless the complained of acts or omissions caused an injury independent of those that would have resulted from a wrongful denial of policy benefits. Parkans Int'l LLC v. Zurich Ins. Co., 299 F.3d 514, 519 (5th Cir. 2002). In other words, the manner in which the claim was investigated must be the proximate cause of the damages alleged. Provident Am Ins. Co. v. Castaneda, 988 S.W.2d 189, 198-99 (Tex. 1998). Here, plaintiffs have not alleged such a separate injury.

Finally, Texas does not recognize a claim for negligent claims handling or insurance adjustment. Rooters v. State Farm Lloyds, 428 F. App'x 441, 448 (5th Cir. 2011); Bui v. St. Paul

9

Mercury Ins. Co., 981 F.2d 209, 210 (5th Cir. 1993). Thus, plaintiffs' negligence and gross negligence claims could not succeed.

After a study of plaintiffs' state court pleading, and a review of applicable authorities, for essentially the same reasons given in the cases cited in footnote 4 why the claims adjustors were improperly joined in those cases, the court concludes that plaintiffs named Saari as a defendant in this action for the purpose of attempting to defeat federal court jurisdiction. Saari was improperly joined. None of the claims asserted against him would survive a motion to dismiss for failure to state a claim upon which relief may be granted, with the consequence that his citizenship should be disregarded in determining whether diversity jurisdiction exists. And, the court has concluded, for the same reason, that the claims against Saari should be dismissed.

V.

Order

The court ORDERS that plaintiffs' claims against Saari be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiffs' claims against said defendant.

10

The court further ORDERS that plaintiffs' motion to abstain and remand be, and is hereby, denied.

The court further ORDERS that the caption of this action be, and is hereby, amended to reflect that Allstate is the only defendant.

SIGNED April 11, 2017.

_____
JOHN MCBRYDE
United States District Judge